ABELSON *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

Opinion delivered October 28, 1907.

WITNESS—CROSS-EXAMINATION AS TO BIAS.—Where, in a suit against a railway company, a witness for defendant testified that he did not have a pass over defendant's road, and that he did not remember whether or not he paid his fare on that particular day, but thought that he did, it was not error to refuse to require the witness to answer whether defendant's conductor was in the habit of allowing him to ride on his train for nothing.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*John N. Cook* and *Scott & Head,* for appellant.

1. It was competent to show that the witness, Coleman, had been riding free on freight trains of the company, in order to show any bias he might have in favor of the defendant, and as affecting his credibility. 80 Ark. 587.

2. There is no proof that appellant heard any warning, if given; hence, in the absence of a showing that he had heard it, he is not chargeable with contributory negligence. 31 Atl. 694; 36 Pac. 1018; 36 N. E. 443.

3. The announcement of the station and stopping of the train is an invitation to the passenger to alight from the car. 75 Ark. 165; 70 Ark. 264. See also 147 U. S. 571; 24 So. 392. Appellant was not chargeable with notice of what was posted up on the side of the car, in the absence of a showing that it was posted in a place where it could readily be seen, or that he knew of it. 30 So. 349; 22 Atl. 323; 85 S. W. 421. See also 6 So. 696; 32 Mo. App. 438.

*T. M. Mehaffy,* for appellee.

HART, J. Appellant, Abelson, got on the caboose of the appellee's local freight train in Texarkana to go to Homan.

Abelson testifies that the station "Homan" was called out, and that the train stopped. That he got up from his seat, and went out to the back of the caboose on the first step, and that just as he got there the train gave a jerk and slapped him with a piece of iron on the face. That he had ridden on local freight trains before. That he was badly injured and suffered for

about five weeks. On cross-examination, he stated that he did not hear the conductor warn the passengers to keep their seats until the train stopped.

Other testimony was introduced to corroborate his statements.

The defendant railway company introduced one Coleman, who testified that he was a passenger on the local freight the day that Abelson was injured. That when the train began to slow up the passengers began to get up, when the conductor told them to keep their seats until they reached the station. That all the passengers except two kept their seats. The conductor testified that there was a notice posted up in the car warning passengers that they were forbidden to occupy the moveable seats, or to stand up while the train was in motion or switching was being done. The other facts are sufficiently stated in the opinion.

This is an action to recover damages which plaintiff, Abelson, alleges that he suffered on account of the negligence of the railroad company. The defendant company set up contributory negligence on the part of the plaintiff.

There was a verdict and judgment for the defendant.

Counsel for the appellant contend that the court erred in refusing to allow the witness Coleman to answer questions as to whether or not he had been riding free on the local freight trains of the defendant by permission of the conductors. The testimony on that point is as follows:.

"Q. You say you were a passenger on the train that day, Did you pay your fare on that day? A. I can not tell you. I think I did. Mr. Mehaffy (defendant's counsel): We object. It does not make any difference whether he paid his fare or not." The objection was by the court sustained, and the plaintiff then and there excepted. "Q. Have you got a pass over the road? A. No, sir. Q. You know this conductor, don't you? A. Yes, sir. Q. How long have you known him? A. I do not know. I have known him five or six years; quite a number. Q. Wasn't he in the habit of letting you ride free on the train at the time and prior to the time of the injury?" The defendant objected to the question. Mr. Head: "We have a right to show the bias of this witness if any. If this conductor al-

lowed this witness to ride for nothing, I think it is proper to prove it." The court sustained the objection, and the plaintiff excepted.

It was decided, in the case of the *Kansas City Southern Ry. Co.* v. *Belknap,* 80 Ark. 591, that it is always proper to show the bias or prejudice of a witness toward a party litigant as affecting his credibility. In this case the witness answered that he did not have a pass over the road of the defendant company, and that he had known the conductor five or six years. After the witness had stated that he did not remember whether or not he had paid his fare on that particular day, counsel for the defendant objected to his answer. The court sustained his objection, but did not withdraw the testimony from the jury. A long and tedious detail by the witness concerning his relations with the conductor could not have been of more aid to the jury in their deliberations. We do not think the court erred in sustaining an objection to further examination of the witness on this point.

The objection to the instructions is not well taken.* While the appellant stated to the jury that he did not hear the warning given by the conductor, he admitted that he had frequently ridden on local freight trains before, and knew that there was posted in them warnings similar to the one exhibited to the jury, headed in large capital letters: "WARNING NOTICE! DANGER!" The objections to the instructions given by the court at the instance of the defendant company are fully covered by the instructions given on behalf of the plaintiff, and are substantially the same as those approved in the case of the *St. Louis, I. M. & S. Ry. Co.* v. *Farr,* 70 Ark. 269. See *Krumm* v. *St. Louis, I. M. & S. Ry. Co.,* 71 Ark. 593.

Judgment affirmed.

---

*One of the instructions given at the defendant's instance was as follows:

"(4) A passenger should inform himself of the carrier's regulations, and should occupy a seat inside the car; and if he negligently stands or gets up to get off while the train is moving, and this conduct on his part contributes to produce the injury of which he complains, he cannot recover, and your verdict should be for the defendant." (Reporter.)